Case 4:21-cv-03590   Document 138   Filed on 09/29/23 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS T. PEDERSEN, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CASE NO. 4:21-CV-3590 |
| KINDER MORGAN, INC., *et al.*, | § § § | |
| *Defendants*. | § § | |

## MEMORANDUM AND ORDER

Defendants filed a motion,[1] seeking reconsideration of the Court's Order[2] that directed them to produce six documents claimed as protected under the attorney-client and work product privileges. Defendants argue that pursuant to Rule 54(b), the Court should reconsider and reverse its decision that the attorney-client privilege does not apply to the six-page series of documents, and in support, proffer a declaration from the documents' drafter. Based on the briefing, applicable law, and supplemental evidence, the Court now finds that these documents are protected by attorney-client privilege, and therefore grants Defendants' motion to reconsider.

**I.    BACKGROUND**

This is a suit over employee benefits under ERISA. Plaintiffs sued Kinder

---

[1] Defs.' Mot. Reconsider, ECF No. 130. Plaintiffs filed a response. Pls.' Response, ECF No. 136.

[2] Memorandum and Order, ECF No. 129 ("M&O").

Morgan, alleging among other things, that Kinder Morgan's interpretation of the Kinder Morgan retirement plan's (the "Plan") language is incorrect and a violation of their fiduciary duties. As pertinent to the discovery dispute, the following is taken from the supplemental evidence provided with the motion to reconsider: a declaration of Kinder Morgan's Benefits Director ("Benefits Director") who drafted the six documents claimed as privileged. ECF No. 130-1.

"In May 2018, Kinder Morgan discovered that certain participants in the Plan were receiving unreduced retirement benefits at age 62" despite not meeting the Plan's requirements—this was the purported result of a calculation error. Noonan Decl., ECF No. 130-1 ¶ 3. Upon discovery of the error, several meetings took place "for the purpose of evaluating the potential legal risks, including future litigation risks, stemming from the error and potential corrective measures." *Id.* ¶ 4. "[T]o allow Kinder Morgan's in-house counsel's office to render legal advice regarding the error and potential ways to correct it, [the Benefits Director] was directed to gather factual information regarding the error, outline the potential corrective measures, and evaluate the potential costs of each." *Id.* ¶ 5. Kinder Morgan executives and in-house counsel attended those meetings, *id.,* and the discussions concerned the varying legal risks. *Id.* ¶¶ 7, 8. The executives asked counsel to answer certain legal questions. *Id.* Based on these questions, the Benefits Director collected

additional information and supplemented his Memoranda.³ *Id.* Describing these circumstances as wholly unique to his experience, the Benefits Director declared that "[he] would not have drafted the memoranda but for the need for the in-house counsel's office to render legal advice to Kinder Morgan's executives regarding the error and potential corrective measures." *Id.* ¶ 6. The Benefits Director declares that "[t]hese meetings were separate and apart from the claims administration process." *Id.* ¶ 9.

Defendants contend that the Memoranda are protected by attorney-client privilege. The Court previously found that the Memoranda were not protected by attorney-client privilege because the Memoranda were prepared by a non-lawyer, contained facts known to him and his proposed solutions under the Plan, were not addressed to anyone, and did not indicate on their face that they sought legal advice, incorporated legal advice, or provided legal advice. Moreover, based on the Benefits Director's submitted deposition testimony, the record reflected that the Benefits Director prepared the Memoranda only to assist senior management's decision concerning the error since he mentioned only the executives and made no mention of counsel. M&O, ECF No. 129.

---

³ The memorandum apparently became six memoranda ("the Memoranda") as they were updated over time based on new information or events.

## II.   THE RULE 54(b) STANDARD.

"Rule 59(e) governs motions to alter or amend a final judgment; Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision . . . [that] does not end the action,' FED. R. CIV. P. 54(b)." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision *for any reason it deems sufficient*, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Id.* (emphasis added) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc); *McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011) ("Yet, because the district court is faced on with an interlocutory order, it is free to reconsider its ruling 'for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'") (quoting *Brown v. Wichita Cty.,* No. 7:05-cv-108-0, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011))).

Plaintiffs argue that Rule 59(e) informs the Rule 54(b) standard and cite case law outlining the higher standard required to alter or amend a judgment. ECF No. 136 at 3 ("While the Rule 54(b) standard is less exacting, courts generally

consider many of the same factors that inform a Rule 59 analysis in their discretion.") (citing *McClung v. Gautreaux*, No. CIV.A. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011)). Here, because Defendants ask for reconsideration of an interlocutory order, the Court considers Defendants' motion under the more lenient standard of Rule 54(b). *Austin*, 864 F.3d at 336.

### III. THE MEMORANDA ARE PROTECTED BY ATTORNEY-CLIENT PRIVILEGE.

"'The attorney-client privilege is one of the oldest recognized privileges for confidential communications.'" *Miniex v. Houston Housing Authority*, No. 4:17-cv-00624, 2019 WL 2524918, *3 (S.D. Tex. March 1, 2019) (quoting *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998)). "Its purpose is to encourage 'full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" *Id.* (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). The elements of attorney-client privilege are: "(1) a confidential communication; (2) made to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion, legal services, or assistance in a legal proceeding." *SEC v. Microtune, Inc.*, 258 F.R.D. 310, 315 (N.D. Tex. 2009) (citing *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)). The party asserting the privilege bears the burden to demonstrate how each communication satisfies all the elements of the privilege. *Id.* (citing *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir.

1985)).

The Court narrowly construes the privilege to the bounds necessary to protect these principles because the "assertion of privileges inhibits the search for truth." *Id.* (quoting *Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 477 (N.D. Tex. 2004)). The privilege is limited to the disclosures made to an attorney that are "necessary to obtain informed legal advice which might not have been made absent the privilege." *Id.* (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). Therefore, "the privilege does not protect documents and other communications simply because they result from an attorney-client relationship." *Id.* (citing *Navigant Consulting*, 220 F.R.D. at 477).

"'There is no presumption that a company's communications with counsel are privileged.'" *Miniex*, 2019 WL 2524918, at *4 (quoting *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 696 (5th Cir. 2017). "'[A] confidential communication between client and counsel is privileged only if it is generated for the purpose of obtaining or providing legal assistance . . . .'" *Id.* (alterations in original) (citations omitted). If a lawyer is acting in a non-legal capacity, the attorney-client privilege does not apply. *See id.* ("[C]ommunications by a corporation with its attorney, who at the time is acting solely in his capacity as a business advisor, [are not] privileged."). Where there is a dual purpose in making the communication, the court should consider the context to glean the "manifest purpose" of the communication. *Id.* (citations

omitted).

Here, based on Defendants' supplemental evidence, the Court is satisfied that the Memoranda are protected by attorney-client privilege. The Benefits Director's declaration clarifies the deficiencies in the record, namely that he prepared the Memoranda at the sole direction of legal counsel for the sole purpose of securing legal advice or providing legal advice. ECF No. 130-1.

Plaintiffs' argument that Defendants' assertion of privilege is conclusory is unconvincing.[4] The Court acknowledges that bare conclusory statements are insufficient for an assertion of privilege, but finds that, on the current record, Defendant provides more than conclusory statements in support. *See In re Boeing Co.*, No. 21-40190, 2021 WL 3233504, at *2 (5th Cir. July 29, 2021). Here, Defendants defined the issue: the legal risks stemming from the purported calculation error and potential correction of the error. Defendants clarified that the production of the Memoranda was at the direction of an attorney for the sole purpose of providing legal advice to management as they decided how to correct the error. Further, Defendants explained what they did in response to the Memoranda and resulting legal advice: they amended the Plan to continue payments to those who had

---

[4] Plaintiffs' response briefly mentions that the fiduciary exception applies to any imposition of attorney-client privilege herein. Insofar as Plaintiffs intended to raise the fiduciary exception, the Court finds the briefing insufficient. If, as discovery progresses, Plaintiffs decide they can establish a sufficient record that the fiduciary exception applies, then they may raise that issue separately.

already received them, and denied the unreduced benefit payments to those who had not yet started to receive payments but were aware of an estimate based on the incorrect calculation.

The Benefits Director's statements make clear that the preparation of the Memoranda was a unique task for his role and was at the direction of legal counsel for the sole purpose of seeking and facilitating the provision of legal advice in meetings convened specifically to discuss potential legal risks, including future litigation risks, arising from the mistaken estimates and payments of retirement benefits. Based on Defendants' supplemental evidence, the Court finds the Memoranda is protected by attorney-client privilege.

Notwithstanding the privilege, counsel's representations at prior discovery hearing that the underlying facts in the Memoranda may not have been produced to Plaintiffs in a similar summary format is troublesome as the privilege does not protect the disclosure of facts. *See League of United Latin Am. Citizens v. Abbott*, 342 F.R.D. 227, 232 (W.D. Tex. 2022) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). Counsel is directed to confirm that the Plaintiffs have access to the underlying facts described in these Memoranda.

## IV. CONCLUSION

It is hereby **ORDERED** that Defendants' Motion for Reconsideration is **GRANTED**. ECF No. 130. The Memoranda entitled "Kinder Morgan Retirement

Plans – TransCanada Issue," dated 1/17/19, 2/20/19, 3/13/19, 3/27/19, 4/30/19, and 2/11/2020, are protected from discovery under the attorney-client privilege.

SIGNED at Houston, Texas, on September 29, 2023.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**

9