United States District Court
Southern District of Texas
**ENTERED**
November 09, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS T. PEDERSEN, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CASE NO. 4:21-CV-3590 |
| KINDER MORGAN, INC., *et al.*, | § § § | |
| *Defendants*. | § § | |

## MEMORANDUM AND ORDER

Plaintiffs filed a motion, asking the Court to apply the fiduciary exception to communications and documents related to plan administration. Pls.' Renewed Mot., ECF No. 152. Based on the briefing,[1] counsels' arguments, the applicable law, and an in-camera review of the withheld documents, the Court finds that these documents are protected by the attorney-client and work product privileges, and therefore Plaintiffs' motion is denied.

This is a suit over employee benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs sued Kinder Morgan, alleging among other things, that Kinder Morgan's interpretation of the Kinder Morgan retirement plan's (the "Plan") language is incorrect and a violation of their fiduciary duties. The parties have had ongoing discovery disputes. As to this motion, by the hearing,

---

[1] Defendants filed a response, ECF No. 157, and Plaintiffs filed a reply, ECF No. 161.

counsel narrowed their dispute to two documents. The first is a memorandum Kinder Morgan's In-house Counsel Steve Meisgeier prepared for the Plan's sponsor and is marked "CONFIDENTIAL ATTORNEY CLIENT COMMUNICATION ATTORNEY WORK PRODUCT." In this memorandum, Mr. Meisgeier assessed the legal risks of potential litigation between the Plan and its beneficiaries. Although the memo mentions three plan beneficiaries, including Mr. Pederson, it does not discuss or decide the merits their pending claims and/or appeals and does not direct the fiduciary committee to act on those claims. The second document is a copy of the first document with comments from Chris Noonan, Kinder Morgan's Benefits Manager, that largely offers stylistic edits or fine-tunes some of the facts. Collectively, these two documents will be referred to as the memorandum.

Defendants contend that the memorandum is protected by the attorney-client[2] and work-product[3] privileges. Plaintiffs do not dispute that the memorandum is

---

[2] "'The attorney-client privilege is one of the oldest recognized privileges for confidential communications.'" *Miniex v. Houston Housing Authority*, No. 4:17-cv-00624, 2019 WL 2524918, *3 (S.D. Tex. March 1, 2019) (quoting *Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998)). "Its purpose is to encourage 'full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" *Id.* (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). The elements of attorney-client privilege are: "(1) a confidential communication; (2) made to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion, legal services, or assistance in a legal proceeding." *SEC v. Microtune, Inc.*, 258 F.R.D. 310, 315 (N.D. Tex. 2009) (citing *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997)). The party asserting the privilege bears the burden to demonstrate how each communication satisfies all the elements of the privilege. *Id.* (citing *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985)).

[3] "Established in *Hickman v. Taylor*, 329 U.S. 495, [] (1947), 'the work-product doctrine is distinct from and broader than the attorney-client privilege.'" *Adams v. Mem'l Hermann*, 973 F.3d 343,

privileged, but instead respond that it contains legal advice related to plan administration and therefore is discoverable under the fiduciary exception. Thus, the sole issue is whether the fiduciary exception applies, making the documents discoverable.

In *Wildbur v. ARCO Chemical Co.*, the Fifth Circuit adopted the fiduciary exception in the ERISA context. 974 F.2d 631 (5th Cir. 1992). "[A]n ERISA fiduciary cannot assert the attorney-client privilege against a plan beneficiary about legal advice dealing with plan administration." *Id.* at 645 (citing *Washington-Baltimore Newspaper Guild, Local 35 v. Washington Star Co.*, 543 F. Supp. 906, 909 (D.D.C. 1982)). The *Wildbur* court reasoned that an ERISA plan is a separate legal entity from its sponsor and the plan's administrator owes a fiduciary duty to the plan's beneficiaries, not its sponsor. When an attorney advises a fiduciary/plan administrator concerning plan administration, the clients are the plan beneficiaries for whom the fiduciary acts, not the plan administrator. *Id.* (citing *Washington Star*

---

349 (5th Cir. 2020) (quoting *United States v. Nobles*, 422 U.S. 225, 238 n.11 (1975)). "The work-product doctrine 'insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries.'" *Id.* (quoting *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991)). "It protects materials prepared in anticipation of litigation, whether those materials were prepared by the attorney or by agents of the attorney." *Id.* (citing *In re Grand Jury Proceedings*, 601 F.2d 162, 171 (5th Cir. 1979)). "The doctrine articulated in *Hickman* was later partially codified as Rule 26(b)(3) in the Federal Rules of Civil Procedure: 'Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative.'" *Id.* (quoting FED. R. CIV. P. 26(b)(3)). "Like the attorney-client privilege, the work-product doctrine 'protects only the [attorney's work product] and not the underlying facts.'" *Id.* (quoting *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982)).

*Co.*, 543 F. Supp. at 909). "When, however, the interests of a plan participant diverge from the interests of the plan itself, communications going forward are no longer privileged." *Gomez v. Biomet 3i, LLC*, No. CV 21-945, 2022 WL 1302885, at *3 (E.D. La. May 2, 2022) (citing *Wildbur*, 974 F.2d at 645 (upholding a magistrate judge's finding that "the fiduciary exception was inapplicable to communications from counsel to plan administrator concerning the defense of a pending lawsuit because there was no mutuality of interest creating a fiduciary relationship")).

Here, based on a review of the contents of the disputed memorandum, the fiduciary exception does not apply. This is not a close call. As an initial matter, Mr. Meisgeier drafted the memorandum to assist in providing legal advice to the Plan's settlor, not the fiduciary committee. Furthermore, the content consists of legal advice about anticipated litigation between the Plan and its beneficiaries, not plan administration. Although there is mention of pending claims of three plan beneficiaries, the memorandum summarizes their claims and the status of the claims in the administrative process. The memorandum analyzes the associated legal risks of various potential litigation arguments and strategies. Thus, on its face, the memorandum is protected under the attorney-client and work-product privileges. Moreover, the memorandum was not prepared for the purpose of deciding any of Plaintiffs' claims for benefits, so it did not involve plan administration. Even if the memorandum involved plan administration, any communications are not privileged

as to the beneficiaries because there was a divergence of interests between the Plan and the beneficiaries when the memorandum was created. Thus, the Court finds that the memorandum is not subject to the fiduciary exception and is protected from disclosure.

Accordingly, it is hereby **ORDERED** that Plaintiffs' renewed motion to apply the fiduciary exception to certain documents, ECF No. 152, is **DENIED**.

SIGNED at Houston, Texas, on November 9, 2023.

*Dena Palermo*
_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**