IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON)

| | |
|---|---|
| JUNE A. PEDERSEN and BEVERLY LEUTLOFF, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>KINDER MORGAN, INC., KINDER MORGAN RETIREMENT PLAN A, KINDER MORGAN RETIREMENT PLAN B, T. MARK SMITH, JESSE ARENIVAS, ADAM FORMAN, MICHAEL GARTHWAITE, KENNETH GRUBB, MARK HUSE, and MATTHEW WOJTALEWICZ,<br><br>        Defendants. | Case No. 4:21-cv-03590 |

**DEFENDANTS' RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants respectfully submit this Response to Plaintiffs' Notice of Supplemental Authority regarding *Bafford v. Northrup Grumman Pension Plan Admin. Comm.*, __ F.4th __, 2024 WL 2067884 (9th Cir. May 9, 2024) (Dkt. 228).  Defendants do not wish to prolong the Court's analysis of the pending cross-motions for summary judgment but are compelled to alert the Court that Plaintiffs' Notice of Supplemental Authority has no bearing on or relation to the claims they raise in the Amended Complaint.

In their Notice, Plaintiffs contend that *Bafford* is applicable to Claim V of the Amended Complaint.  *See* Dkt. 228 at 1.  But this Court previously limited Claim V to a claim for benefits under ERISA Section 502(a)(1)(B) only, *see* Dkt. 77 at 17, and *Bafford* does not relate to such claims in any way.  In *Bafford*, the Ninth Circuit found that a defined benefit plan administrator who provided an inaccurate benefit statement to a participant violated ERISA Section

1025(a)(1)(B), which requires an administrator to provide benefit statements to participants upon request or at least once every three years. The Ninth Circuit further held that ERISA Section 502(c)(1)'s daily penalty of $100 for violations of Section 1025(a) "appl[ies] with even more force" in cases where an administrator provides an inaccurate benefit statement because such statements "may [cause participants to] be affirmatively misled . . . and make inadvisable decisions as a result." *Bafford*, 2024 WL 2067884, at *11. As this Court previously held that Claim V is a claim for benefits only, Plaintiffs are not entitled to recover statutory penalties under Section 502. *See* Dkt. 77 at 17. Regardless, Plaintiffs do not claim that Defendants violated Section 1025(a)(1)(B) in this case. Nor could they, as Plaintiffs do not allege they received inaccurate benefit statements from the Plan administrator. Instead, Plaintiffs only allege they received inaccurate pension estimates from an online pension estimator tool that specified it was only an estimate and that participants needed to obtain a formal benefit statement from the Plan administrator. For these reasons, *Bafford* has no applicability to Plaintiffs' claims or the pending cross-motions for summary judgment.

| | |
|---|---|
| Dated: May 20, 2024 | Respectfully submitted, |
| OF COUNSEL: | By: */s/Lars C. Golumbic*<br>Lars C. Golumbic (*pro hac vice*) |
| Travis J. Sales<br>Federal ID: 09173<br>Texas Bar No. 17532080<br>O'Melveny & Meyers LLP<br>700 Louisiana Street<br>Suite 2900<br>Houston, Texas 77002-4995<br>(832) 254-1532<br>(832) 254-1501 (facsimile)<br>tsales@omm.com | William J. Delany (*pro hac vice*)<br>Ross P. McSweeney (*pro hac vice*)<br>Richard A. Smith, Jr. (*pro hac vice*)<br>**GROOM LAW GROUP, CHARTERED**<br>1701 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>(202) 861-6615<br>(202) 659-4503 (facsimile)<br>lgolumbic@groom.com<br>wdelany@groom.com<br>rmcsweeney@groom.com<br>rsmithjr@groom.com<br><br>**ATTORNEYS FOR DEFENDANTS** |